**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4735**

———————

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

GARY ADRIAN CHURCH,

                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-62)

———————

Submitted: June 28, 2006          Decided: August 14, 2006

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Adrian Church pled guilty to bank robbery, 18 U.S.C. § 2113(a) (2000), and was sentenced as a career offender to a term of 156 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Church's attorney initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), appealing "from the judgment, including the sentence," Appellant's Br. at 1, and raising three potential sentencing errors under Blakely v. Washington, 542 U.S. 296 (2004): (1) the career offender sentence, (2) the calculation of Church's criminal history, and (3) the calculation of the offense level. However, counsel asserted that, in his view, there were no meritorious issues for appeal. Church filed a pro se supplemental brief, also alleging Blakely error.

In a supplemental brief filed after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), Church argues that the district court's determination that he was a career offender violated the Sixth Amendment and that the district court also erred by applying the guidelines as mandatory. Church maintains that he preserved the issue of the mandatory application of the guidelines by making a Blakely objection to his sentence enhancements and by moving for a downward departure. He further contends that he was prejudiced by the court's mandatory application of the guidelines because the court's comments indicated that it likely would have imposed a lower sentence had it

- 2 -

not been required to follow the guidelines.  As explained below, we affirm Church's conviction, but we vacate his sentence and remand for resentencing consistent with Booker.

Church robbed a bank in Yadkinville, North Carolina, of $1940 on January 6, 2004, and led police on a high-speed chase on the highway and through residential areas.  Church managed to evade capture, but he was arrested a few days later.  Because Church had prior convictions for bank robbery, breaking and entering, and common law robbery, the court determined that Church qualified for sentencing as a career offender under USSG § 4B1.1.  His guideline range was 151-188 months.

The district court overruled Church's Blakely objection to the career offender designation, then declined to depart downward for diminished capacity based on sexual abuse Church suffered as a child.  The court noted that the case was not outside the heartland, but added, "I don't say that I'm not sympathetic. And on a clean slate, would impose somewhat of a different sentence."  The court opined that a departure was unlikely to be affirmed.  Favorably impressed by Church's allocution, the court indicated that it would impose a sentence that was "considerably less" than it would usually impose for a defendant with such a long criminal record.  The court imposed a sentence of 156 months imprisonment.  The court commented that the sentence was "about three years less than I would ordinarily give you or in that

neighborhood.  It's still a sufficient time, and I think it's fair to you, fair to the government, and fair to the public."

First, Church's Sixth Amendment claim is foreclosed by United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (applying Shepard v. United States, 544 U.S. 13 (2005)).  Church did not dispute that he satisfied the requirements for career offender status; moreover, the court could determine from the judicial record of Church's prior robbery convictions that each clearly qualified as a crime of violence.  See USSG § 4B1.2(a) & comment. (n.1) (defining "[c]rime of violence" to include robbery).  We conclude that no Sixth Amendment violation occurred.

However, the sentencing court erred under Booker in treating the guidelines as mandatory.  United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).  Because Church objected at sentencing under Blakely to being sentenced as a career offender, we review this claim de novo. United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006).  We conclude that the court's comments raise a question as to whether it would have imposed a lesser sentence under an advisory guidelines system.  Therefore, the government has not shown that the mandatory application of the guidelines was harmless error.

Pursuant to Anders, this court has reviewed the record for other reversible error and found none.  We therefore affirm Church's conviction, but we vacate his sentence and remand the case

for resentencing consistent with <u>Booker</u>.* Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u>

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw

---

*Just as we noted in <u>United States v. Hughes</u>, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Church's sentencing. <u>Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005).

from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>